IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

RAYDENE Y. CHRISTIAN,                    Case No.: 16-21260-LMI

    Debtor.                                    Chapter 7
_____/

**MULTIBANK 2009-1 RES-ADC VENTURE, LLC'S
LIMITED OBJECTION TO EXEMPTIONS**

Creditor Multibank 2009-1 RES-ADC Venture, LLC ("Multibank") files this its Limited Objection to Exemptions, and in support states as follows:

1. On February 16, 2016, the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida entered the Final Judgment in favor of Multibank and against Raydene Y. Christian (the "Debtor") in the amount of $131,208.21.

2. On August 16, 2016, the Debtor filed a petition for relief under chapter 7 of the United States Bankruptcy Code.

3. On Schedule B (ECF#8), the Debtor lists the following accounts:

- Saving account # 6849. BB& T Bank . $4,198.35;
- Checking account # 5450 Bank Of Americ. $33.12;
- Checking account # 4541. Bank Of America. $53.70;
- Checking account # 5727. Bank Of America. $437.08;

(hereinafter collectively "Bank Accounts").

4. The Debtor claims the Bank Accounts as exempt pursuant to Fla. Stat. Ann. § 222.11(2)(a). However, the Debtor is not entitled to the head of household exemption.

5.      The Debtor executed and delivered a promissory note, which is the underlying obligation for the Final Judgment, dated March 3, 2008 payable to the order of Ocala National Bank, Multibank's predecessor in interest. Attached hereto as **Exhibit 1** is a true and correct copy of the promissory note.

6.      The promissory contain a provision stating the following:

> "[Borrower] consents to the issuance of a continuing writ of garnishment or attachment against [Borrower's] disposable earnings, in accordance with Section 222.11, Florida Statutes, in order to satisfy, in whole or in part, any money judgment entered in favor of Lender."

*See* Exhibit 1.

7.      Pursuant to the Florida Statute § 222.11, a judgment debtor could waive the exemption for wage garnishment for a head of family as authorized by § 222.11(2)(b).

*8.*     Furthermore, Florida courts have enforced a waiver of the exemption for wage garnishment for a head of family on a promissory note that had the exact same waiver language. *See USAMERIBANK v. Klepal*, 100 So. 3d 56, 60-1 (Fla. 2d DCA 2011). Further, as the court in *Klepal* states, "section 222.11(2)(b) does not prescribe any particular language to effect a waiver of the wage exemption." *Id*. at 59; *see also Hart v. Wachovia Bank, Nat. Ass'n,* 159 So. 3d 244 (Fla. 1st DCA 2015), *reh'g denied* (Mar. 26, 2015). Here, the waiver signed by the Debtor in the promissory note is sufficient to effect a waiver. Thus, the Debtor waived her head of family exemption.

9.      Accordingly, Multibank seeks an order from this Court sustaining Multibank's objection to the Debtor's claimed exemption in the Bank Accounts.

10.     Concurrently with this limited objection, Multibank is conducting a Rule 2004 Examination of the Debtor. Multibank specifically reserves any and all rights to supplement this

objection or file further objections to exemptions in the event other or further information is uncovered through the discovery process.

WHEREFORE, Multibank 2009-1 RES-ADC Venture, LLC respectfully requests an order sustaining the objection to the Debtor's claimed exemption in the Bank Accounts, and awarding such further relief as deemed just and proper.

| | |
|---|---|
| Dated:  September 22, 2016 | I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A). |

        JONES WALKER LLP
        *Attorneys for Multibank 2009-1 RES-ADC Venture, LLC*
        201 Biscayne Blvd., Suite 2600
        Miami, Florida 33131
        Email:  bturner@joneswalker.com
        Telephone:  (305) 679-5700
        Facsimile:  (305) 679-5710

        By:  */s/ Barry Turner*
            Barry S. Turner, Esq.
            Florida Bar No. 85535

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 22, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing motion is being served this day on all counsel of record and/or pro se parties identified on the Service List attached to the original hereof, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**ECF:**

- Robert A Angueira    trustee@rabankruptcy.com, fl79@ecfcbis.com;tassistant@rabankruptcy.com;lisa@rabankruptcy.com;lillian@rabankruptcy.com
- Yanay Galban    yanay@rabankruptcy.com, robert@rabankruptcy.com
- Diego Mendez    info@mendezlawoffices.com, ana.solano@mendezlawoffices.com;mlolawbestcase@gmail.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Barry Seth Turner    bturner@joneswalker.com, mvelapoldi@joneswalker.com;tsnow@joneswalker.com

**US Mail:**

Diego Mendez, Esq.
POB 228630
Miami, FL 33172
    *Attorney for Debtor*


                By: __/s/ Barry Turner_____
                      Barry S. Turner, Esq.

# Exhibit 1

# PROMISSORY NOTE

| | | |
|---|---|---|
| **Borrower:** | RAYDENE Y. CHRISTIAN<br>8865 NW 2ND TERRACE<br>MIAMI, FL 33216 | **Lender:** OCALA NATIONAL BANK<br>36TH AVENUE BRANCH<br>811 NE 36TH AVENUE<br>OCALA, FL 34470 |

**Principal Amount: $54,329.15**    **Interest Rate: 8.250%**    **Date of Note: March 3, 2008**

**PROMISE TO PAY.** I ("Borrower") promise to pay to OCALA NATIONAL BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of Fifty-four Thousand Three Hundred Twenty-nine & 15/100 Dollars ($54,329.15), together with interest at the rate of 8.250% per annum on the unpaid principal balance from March 3, 2008, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** I will pay this loan in 59 regular payments of $530.95 each and one irregular last payment estimated at $43,586.95. My first payment is due April 3, 2008, and all subsequent payments are due on the same day of each month after that. My final payment will be due on March 3, 2013, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid collection costs; and then to any late charges. The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**PREPAYMENT; MINIMUM INTEREST CHARGE.** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law. In any event, even upon full prepayment of this Note, I understand that Lender is entitled to a minimum interest charge of $10.00. Other than my obligation to pay any minimum interest charge, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: OCALA NATIONAL BANK, 3001 SE MARICAMP ROAD OCALA, FL 34471.

**LATE CHARGE.** If a payment is 15 days or more late, I will be charged 5.000% of the regularly scheduled payment or $5.00, whichever is greater.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 18.000% per annum. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** I will be in default under this Note if any of the following happen:

**Payment Default.** I fail to make any payment when due under this Note.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Collateral Damage or Loss.** Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if I have not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if I, after receiving written notice from Lender demanding cure of such default: (1) cure the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiate steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continue and complete all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then I will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay Lender the amount of these costs and expenses, which includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Florida without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Florida.

**DISHONORED ITEM FEE.** I will pay a fee to Lender of $25.00 if I make a payment on my loan and the check or preauthorized charge with which I pay is later dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**GARNISHMENT.** I consent to the issuance of a continuing writ of garnishment or attachment against my disposable earnings, in accordance with Section 222.11, Florida Statutes, in order to satisfy, in whole or in part, any money judgment entered in favor of Lender.

**COLLATERAL.** I acknowledge this Note is secured by 1ST MORTGAGE DATED 02/16/2006; MODIFICATION OF MORTGAGE DATED 03/03/2008.

**PRIOR NOTE.** SECURED RENEWAL RL#713222501.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: OCALA NATIONAL BANK 3001 SE MARICAMP ROAD, OCALA, FL 34471.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. I do not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the State of Florida (as applicable). Any such excess interest or unauthorized fee shall, instead of anything to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to me. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law,

## PROMISSORY NOTE
### (Continued)

Loan No: ███████     Page 2

waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I AGREE TO THE TERMS OF THE NOTE.

I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

X _____
RAYDENE Y CHRISTIAN

### Florida Documentary Stamp Tax

Florida documentary stamp tax in the amount required by law has been paid with respect to this Note on the Mortgage and Modification of Mortgage securing this Note.