UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                               :         CASE NO.: 16-21260-LMI
                                                     :
RAYDENE Y CHRISTIAN,                                 :         CHAPTER 7
                                                     :
    Debtor.                                          :
_____/

### NOTICE OF RULE 2004 EXAMINATION DUCES TECUM

ROBERT A. ANGUEIRA, Trustee, by and through his undersigned attorney, will examine the Debtor, RAYDENE Y CHRISTIAN, under oath on **November 2, 2016 at 2:00 pm in the offices of Robert A. Angueira, PA 6495 SW 24 Street, Miami, FL 33155.** The examination may continue from day to day until completed. If the examinee receives this notice less than 7 days prior to the scheduled examination date (or less than 10 days if examination is taking place outside of Florida), the examination will be rescheduled upon timely request to a mutually agreeable time.

The examination is pursuant to FRBP 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in FRBP 2004. Pursuant to Local Rule 2004-1, no order shall be necessary.

The examinee is further requested to bring to the examination all of the documents described on the attached Exhibit "A".

**If the examinee requires an interpreter, it is the examinee's responsibility to engage the employment of a court certified interpreter to be present at the examination and pay for the interpreter's services.**

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 28th day of September, 2016, to the Debtor.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 28th day of September, 2016, to:

- Robert A Angueira trustee@rabankruptcy.com, fl79@ecfcbis.com tassistant@rabankruptcy.com lisa@rabankruptcy.com lillian@rabankruptcy.com
- Yanay Galban yanay@rabankruptcy.com, robert@rabankruptcy.com
- Diego Mendez info@mendezlawoffices.com, ana.solano@mendezlawoffices.com mlolawbestcase@gmail.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
- Barry Seth Turner bturner@joneswalker.com, mvelapoldi@joneswalker.com tsnow@joneswalker.com

        ROBERT A. ANGUEIRA, P.A.
        6495 S.W. 24th Street
        Miami, Florida 33155
        Tel. (305) 263-3328
        Fax (305) 263-6335
        e-mail yanay@rabankruptcy.com,

        By _____/s/_____
          YANAY GALBAN
          Florida Bar No. 0105146

cc:    Ouellette & Mauldin (Reporter)

CASE NO.: 16-21260-LMI

**EXHIBIT "A"**

## I. DOCUMENTS TO BE PRODUCED

1. Provide a copy of the closing statement, warranty deed, mortgage application and mortgage notes for the following property(ies):

   a. 8665 NW 2 Terr.  Miami, FL  33126

2. Provide a copy of the application and closing statement for any refinancing or loan modifications that took place within the last 41 months and a copy of all current mortgage statements showing the outstanding balances for the property detailed in Item 1 above.  Provide a full accounting of any proceeds received as a result of the refinancing.

3. If the property described in Item 1 above was purchased within the last 41 months and funds from the sale of a prior homestead were utilized to purchase the property; provide a copy of the closing statement of the prior homestead.

4. Provide a copy of the closing statement for any real or personal property that was purchased, sold or transferred by the Debtor within the last 5 years.  Provide a full accounting of any proceeds received from this transaction.

5. Provide a copy of the deed for the Real Property located at 2471 Briarwood Court Villa Rica, Georgia.

6. Provide model, exact mileage, pictures, proof of registration, copy of title, insurance and a current statement showing balance due for the following vehicles as listed on Schedule A/B, Part 2, Item 3:

   a. 2013 Chevrolet Equinox LT
   b. 2016 Nissan Rogue
   c. 2009 Nissan Versa (not disclosed)

3

7. Provide a detailed list and documentation to support the value of $2,500 as listed for the Household Goods and Furnishings on Schedule A/B, Part 3, Item 6. Provide pictures of all of these items and all rooms in the house.

8. Provide copies of the last six months of statements for the 401K Retirement Account as listed on Schedule A/B, Part 4, Item 21. Provide documents evidencing that this is a qualified plan.

9. Provide a copy of the following life insurance policy as listed on Schedule A/B, Part 4, Item 31:

   a. State Farm #LF-2335-6248

10. Provide all documentation related to the $3,600 transferred to Debtor's cousin to repay a debt.

11. Provide copies of the statements and original cancelled checks for all bank accounts that are in the name or joint name of the Debtor, or where the Debtor is an authorized signer or an interested party of any kind, for the period of **August 1, 2015** through and including **August 31, 2016** including the following accounts as listed on Schedule A/B, Part 4, Item 17:

   a. BB&T Savings Account No. xxx6849
   b. Bank of America Checking Account No. xxx5450
   c. Bank of America Checking Account No. xxx4541
   d. Bank of America Checking Account No. xxx5727

12. Provide support for all deposits and for any checks (or other disbursements) that are $1,000 or higher in any of the bank statements as detailed in Item 11 above.

13. Provide a copy of the homeowner's insurance policy.

14. Provide copies of the last six months of statements for the following IRA Accounts as listed on Schedule A/B, Part 4, Item 17. Provide documents evidencing that this is a qualified plan.

        a. Bank of America IRA XXX4082
        b. Bank of America IRA XXX7065
        c. Bank of America IRA XXX7516

15. Provide copies of the last six months of statements for the 401K Account as listed on Schedule A/B, Part 4, Item 21. Provide documents evidencing that this is a qualified plan.

16. Provide a full accounting of all cash advances taken from any credit card or line of credit as listed on Schedule E/F. Provide detailed descriptions of what the money was used for.

17. Provide a copy of the last statement for all of the creditors as listed on Schedule E/F.

18. Provide documentation to support the following monthly expenses as listed in Schedule J:

    a. Mortgage payment      $ 868.89
    b. Real Estate Taxes      $ 208.00
    c. Property Insurance      $ 267.00
    d. HOA Dues      $ 100.00
    e. Electricity      $ 225.00
    f. Food      $ 800.00
    g. Childcare Expenses      $ 162.00
    h. Medical and Dental      $ 143.00
    i. Transportation      $ 200.00
    j. Entertainment      $ 100.00
    k. Charitable Donations      $ 961.58
    l. Life Insurance      $ 65.00
    m. Auto Insurance      $ 222.69
    n. Vehicle Pymt #1      $ 472.49
    o. Vehicle Pymt #2      $ 314.00

## II.      DEFINITIONS AND INSTRUCTIONS

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

1.      Where the word "any" is used in a request, it includes all documents so described.

2.      "Communication" means all written or oral communications however informal, including without limitation to the foregoing, correspondence, memoranda, notes, telegraphs, telephone conversations, negotiations, meetings or other oral communications, which are in any manner evidenced by, or referred to in a document, whether prepared in anticipation of, during, or subsequent to such communications.

3.      "Creditor" shall mean any person or entity to whom the Debtor owes money or is due performance of any other contractual obligation.

4.      "Debtor" shall mean Raydene Y. Christian.

5.      "Describe," "discuss," "analyze," "describing," "discussion," or "analyzing," mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

6.      "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing.  Any document containing thereon or attached thereto any alterations, comments, notes or

other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

7. "You" and "Your" refers to Raydene Y. Christian.

8. "And" and "Or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

9. "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or non-for-profit, or partially or fully government owned or controlled.

10. "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

11. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

12. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

13. "Year" means calendar year unless otherwise specified.

### III.    INSTRUCTIONS

With respect to this request for documents, the following instructions shall apply:

1. This request for documents is continuing and Examinee is requested to supplement its responses hereto.

2. Examinee is hereby notified that its duty to respond includes the duty to supply all documents and materials in Examinee's physical possession, as well as those which can be obtained from additional sources, pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure.

3. In the event that any document called for by a request is withheld on the basis of claim of privilege, please identify that document by stating: (a) any addressor or addressee; (b) matter, number of pages, and attachments or appendices; (c) all persons to whom the document was distributed, shown or explained: (d) its present custodian; and (e) the nature of the privilege asserted.

       4.       In the event that any document requested herein is not presently in your possession or subject to your control, please identify each person you have reason to believe had or has knowledge of its contents.

       5.       In the event that any document called for by a request has been destroyed or discarded, please identify that document by stating: (a) any address or any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown or explained; (e) its date and destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (f) the persons authorizing or carrying out such destruction or discard.

       6.       In producing documents requested herein, you shall produce documents in full, without abridgment, abbreviation, and expurgation of any sort.

       7.       All documents shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.