UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

RAYDENE Y. CHRISTIAN,                          Case No.: 16-21260-LMI

    Debtor.                                    Chapter 7
_____/

NOTICE OF RULE 2004 EXAMINATION SUBPOENA
OF THE RECORDS CUSTODIAN OF JPMORGAN CHASE & CO.

**(Only for the Production of Documents)**

MULTIBANK 2009-1 RES-ADC VENTURE, LLC, by the undersigned attorney, will examine the following examinee at **Jones Walker LLP, 201 S. Biscayne Blvd., Suite 2600, Miami, FL 33131**:

| Examinee | Date | Time |
|---|---|---|
| **Records Custodian of JPMORGAN CHASE & CO.**<br>c/o C T CORPORATION SYSTEM, Registered Agent<br>1200 SOUTH PINE ISLAND ROAD<br>PLANTATION, FL 33324 | December 1, 2016 | 11:00 a.m. EDT |

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order shall be necessary. The Form Subpoena for Rule 2004 Examination with document requests described on Schedule A is attached to this notice. The examinee must either produce the documents to undersigned prior to the examination or alternatively, bring to the examination the documents described on the attached subpoena, and must permit copying of the materials.

{M1255602.1}

Interested parties are directed to contact undersigned on the day prior to the scheduled examination to confirm that the examination is going forward on the following day or if documents have been produced in lieu of the examination.

| | |
|---|---|
| Dated:  November 1, 2016 | I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A). |
| | JONES WALKER LLP<br>*Attorneys for Multibank 2009-1 RES-ADC Venture, LLC*<br>201 Biscayne Blvd., Suite 2600<br>Miami, Florida 33131<br>Email:  bturner@joneswalker.com<br>Telephone:  (305) 679-5700<br>Facsimile:  (305) 679-5710<br>By:  __/s/ Barry Turner_____<br>         Barry S. Turner, Esq.<br>         Florida Bar No. 85535 |

{M1255602.1}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 1, 2016, a true and correct copy of the foregoing was served on all parties listed below via either CM/ECF or by first-class U.S. Mail as indicated below:

**ECF:**

- Robert A Angueira    trustee@rabankruptcy.com, fl79@ecfcbis.com;tassistant@rabankruptcy.com;lisa@rabankruptcy.com;lillian@rabankruptcy.com
- Yanay Galban    yanay@rabankruptcy.com, robert@rabankruptcy.com
- Diego Mendez    info@mendezlawoffices.com, ana.solano@mendezlawoffices.com;mlolawbestcase@gmail.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Barry Seth Turner    bturner@joneswalker.com, mvelapoldi@joneswalker.com;tsnow@joneswalker.com

**US Mail:**

Diego Mendez, Esq.
POB 228630
Miami, FL 33172
*Attorney for Debtor*

By:  __/s/ Barry Turner_____
      Barry S. Turner, Esq.

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

In re  RAYDENE Y. CHRISTIAN                     Case No.  16-21260-LMI
              Debtor
                                                Chapter  7

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Records Custodian of JPMORGAN CHASE & CO., c/o C T CORPORATION SYSTEM, Registered Agent, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| Place:<br>Jones Walker, LLP<br>201 S. Biscayne Blvd., Suite 2600<br>Miami, Florida 33131 | Date & Time:<br><br>December 1, 2016<br>11:00 a.m. EDT |
|---|---|

The examination will be recorded by this method: _____

■   *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   See "Schedule A" attached.

   The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/1/2016

           CLERK OF COURT

                                                OR

   _____          */s/ Barry S. Turner*
   Signature of Clerk or Deputy Clerk       Attorney's signature

The name, address, email address, and telephone number of the attorney representing *Multibank 2009-1 RES-ADC Venture, LLC* requests this subpoena, are: Barry S. Turner, Esquire, Jones Walker LLP, 201 S. Biscayne Boulevard, Miami Center, Suite 2600, 33131; bturner@joneswalker.com (305) 679-5700.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): _____
on (date) _____.

☒ I served the subpoena by delivering a copy to the named person as follows: <u>Records Custodian of JPMORGAN CHASE & CO., c/o C T CORPORATION SYSTEM, Registered Agent, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324 via first class United States mail</u>

on (date) <u>11/1/2016</u> ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: <u>11/1/2016</u>

/s/ Barry S. Turner, Esquire
Server's signature

Barry S. Turner, Esquire
Printed name and title

Jones Walker LLP, 201 S. Biscayne Blvd., Suite 2600
Miami, Florida 33131
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## SCHEDULE A

### Definitions

As used in this request, the following words shall be defined as follows:

1) "Document" includes, but is not limited to, originals where available, or otherwise a carbon copy, Xerox copy or other copy, including each non-identical copy (whether different from the original because of marginal notes, or other material inserted or attached thereto, or otherwise) of each item of correspondence, letters, memoranda, messages, telephone bills, notes, offers, orders, confirmations, contracts, agreements, reports, punch sheets, punch lists, agendas, cables, telegrams, diaries, appointment books, invoices, ledgers, returns, accounts, checks, check stubs, drafts, statements, indexes, data sheets, data processing cards, logs, worksheets, service orders, expense vouchers, maintenance records, inspection reports, licenses, permits, settlement paperwork, printing, pictures, advertisements, slides, film, microfilm, micro fiche and other written matter of every kind and character; notes, memoranda, transcripts, recording tapes, recording disks or other records of oral communications; and graphs, books, charts, tables, prospectuses, tabulations, worksheets, compilations, summaries, minutes, lists, pamphlets, brochures, drawings, renderings, diagrams, sketches, etchings, tracings, plans, blueprints, posters, periodicals, publications, bulletins, computer printouts, studies, electronic mail, information contained in electronic or computer storage media and other papers in the possession, custody or control of JPMORGAN CHASE & CO. ("JPMC") or its officers, directors, agents, employees, affiliates, subsidiaries, divisions, partners, parents, predecessors, successors, joint venturers, attorneys or representatives, including documents which were prepared by JPMC's officers, directors, agents, employees, affiliates, subsidiaries, divisions,

partners, parents, predecessors, successors, joint venturers, attorneys or representatives, which did not leave the custody of the person preparing them.

2) "You" or "Your" refers to JPMC, its officers, directors, agents, attorneys, affiliates, subsidiaries, divisions, partners, parents, predecessors, successors, joint venturers, employees, representatives and any and all other persons acting for, purporting to act for, or subject to the control of JPMC, or its subsidiaries, parents, predecessors or successors.

3) "And" or "Or" shall include the conjunctive as well as the disjunctive.

4) "Communications" include correspondence, discussions, telephone conversations and all other forms of written or oral communication.

5) "Debtor" refers to Raydene Christian.

### Documents to be Produced

1. Any and all documents in Your possession, custody or control that relate or reflect or refer to transfers to or from you and the Debtor after January 1, 2010 until present maintained by You of:

   a. The Debtor.

   b. Dale E. Christian a/k/a Dale Christian.

   c. Arla Christian.

   d. Any and all entities for which the Debtor was a principal.

   e. Any individual or entity for which the Debtor had signature authority.

   f. Any account for any entity in which the Debtor was a guarantor of indebtedness.

**Please initially produce account statements only in response to specification 1. Judgment creditor will request specific items thereafter, if necessary.**

{M1255601.1}

    2.      Loans by You under which any indebtedness was owed from and after January 1, 2010 until present, which loans were made:

        a.      To or for the Debtor.

        b.      To or for Dale E. Christian a/k/a Dale Christian.

        c.      Relating, referring and/or regarding real property located at 2471 Briarwood Court, Villa Rica, Georgia 30180 and the surrounding properties.

        d.      To or for any and all entities for which the Debtor was a principal.

        e.      To or for any individual or entity for which the Debtor had signature authority.

        f.      To or for any account for any entity in which the Debtor was a guarantor of indebtedness.

        g.      To or for any Arla Christian.

The requested documents include, but are not limited to, loan applications, tax returns, financial statements, payments received from or on behalf of the debtor or any entity responsive to specification 2 (including front and back copies of checks), and other papers reflecting the financial affairs of and assets owned by the Debtor.

    3.      Your entire file for the Debtor.

    4.      Your entire file for Dale E. Christian a/k/a Dale Christian.

    5.      Your entire file for Arla Christian.

    6.      Your entire file for any lien, mortgage, note, deed of trust, judgment or other document encumbering the real property located at 2471 Briarwood Court, Villa Rica, Georgia 30180.

7.      Any and all documents demonstrating the total amount due for the lien, mortgage, note, deed of trust, judgment or other document encumbering the real property located at 2471 Briarwood Court, Villa Rica, Georgia 30180.  This includes, but is not limited to, a payoff statement.

8.      Any and all financial affidavits prepared by the Debtor, Dale E. Christian a/k/a Dale Christian and/or Arla Christian.