UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                          :        CASE NO.: 16-21260-LMI
                                                :
RAYDENE Y. CHRISTIAN,                           :        CHAPTER 7
                                                :
Debtor.                                         :
_____/

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

*Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.*

COMES NOW, Robert A. Angueira (hereinafter "the Trustee"), and files this Motion to Approve Stipulation to Compromise Controversy in the above-styled case, and states as follows:

1. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 16, 2016 (the "***Petition Date***").

2. Robert A. Angueira is the duly appointed Chapter 7 Trustee.

3. At the 341 Meeting of Creditors, the Trustee discovered that as of Petition Date the Debtor owned a fifty percent (50%) interest in certain real estate property located at 2471 Briarwood Ct., Villa Rica, Georgia (the "***Real Property***").

4. At the 341 Meeting of Creditors, the Trustee discovered that the Debtor paid off a loan to cousin in the amount of $3,600.00 within a year prior to Petition Date, and the Trustee asserted the Estate's interest in these transferred funds (the "***Transferred Funds***").

5. On Schedule A/B, Item #6, the Debtor listed Household Goods and Furnishings with an aggregate value of approximately $2,500.00 (the "***Household Goods***"), and the Trustee believes these assets are under-valued by approximately $6,000.00.

6. The Debtor may receive a Federal Income Tax Refund for tax year 2011 of approximately $5,936.00 which includes the period through the Petition Date (the "***Refund***").

7. The Real Property, the Transferred Funds, the Household Goods and the Refund shall be collectively referred to as the "***Property***."

8. On December 20, 2016, the Trustee through counsel, filed an Adversary Complaint to Sell Real Property Pursuant to 11 U.S.C. §363(h) [Adv. Case No. 16-1676-LMI D.E. 1] (the "***Complaint***"), which Complaint remains pending before the Court.

9. The Debtor has claimed a portion of the Property as exempt.

10. Based on the testimony during the §341 Meeting of Creditors, based on the Testimony during the Debtor's Rule 2004 Examination, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions.

11. The Debtor denies and/or disputes some of the allegations noted above.

12. In an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1".

13. The Debtor will pay the Trustee a total sum of $20,000.00 on or before January 17, 2017.

14. The payment will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

15. As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this

Settlement is approved before such deadline expires.

16. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

17. If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

18. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

19. If the Debtor complies with all of the terms of this Stipulation, as part of this settlement, the Trustee will upload and Agreed Order Denying as Moot the Trustee's Motion for Turnover of Property (2013 Chevrolet Equinox and 2009 Nissan Versa) [D.E. 59].

20. If the Debtor complies with all of the terms of this Stipulation, as part of this settlement, the Trustee will prepare and submit a *Notice of Stipulated Dismissal with Prejudice* as to the pending Adversary Complaint (Angueira v. Christian, Adv. Case #16-1676-LMI). This dismissal is however without prejudice, in the event of the Debtor's default under the payment terms of this settlement, to the Trustee's rights to proceed as provided under the default provision of the agreement.

21. On or about December 19, 2016, the Trustee sent the Internal Revenue Service an Application for Turnover of the Debtor's 2016 Income Tax Refund. If the Debtor complies with all the terms of this Stipulation, the Trustee will return to the Debtor the 2016 Income Tax Refund once is received by the Trustee.

22. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

23. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

24. If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

25. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

26. If the Debtor fails to timely make the payment described in paragraph 13, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

27. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C.

§727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

28. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides: "On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

29. "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied, 306 U.S. 636 (1939). The test is whether the proposed settlement "falls below the `lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

30. Based on the specific facts and circumstances of this case, the Trustee has determined that $20,000.00 would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

31. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

Case No.: 16-21260-LMI

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this 4th day of January, 2017.

> ROBERT A. ANGUEIRA, P.A.
> 6495 S.W. 24th Street
> Miami, Florida 33155
> Tel. (305) 263-3328
> Fax (305) 263-6335
> e-mail yanay@rabankruptcy.com
>
> By /s/
> YANAY GALBAN, ESQ
> Florida Bar No. 0105146

Case No.: 16-21260-LMI

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 4th day of January, 2017, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 4th day of January, 2017, to:

- Robert A Angueira    trustee@rabankruptcy.com, fl79@ecfcbis.com; tassistant@rabankruptcy.com;lisa@rabankruptcy.com;lillian@rabankruptcy.com

- Diego Mendez    info@mendezlawoffices.com, ana.solano@mendezlawoffices.com mlolawbestcase@gmail.com

- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

- Lawrence E Pecan    lawrence.pecan@rialtocapital.com, lpecan@gmail.com

- Barry Seth Turner    bturner@joneswalker.com, mvelapoldi@joneswalker.com; tsnow@joneswalker.com

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail yanay@rabankruptcy.com

By /s/ Yanay Galban
YANAY GALBAN, ESQ
Florida Bar No. 0105146

7



Case 16-21260-LMI

eCAST Settlement Corporation
PO Box 29262
New York, NY 10087-9262



Baptist Health South F
7315 Sw 87th Ave Ste 300
Miami, FL 33173-5473

Nissan Motor Acceptance Corporation
c/o Stewart, Zlimen & Jungers, Ltd
2277 HIghway 36 West, Suite100
Roseville, MN 55113-3896


(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238


(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Carico International
2851 W Cypress Creek Rd
Fort Lauderdale, FL 33309-1781

Chase Card
Po Box 15298
Wilmington, DE 19850-5298


Chase Mtg
Po Box 24696
Columbus, OH 43224-0696

Citi
Po Box 6241
Sioux Falls, SD 57117-6241

Comenity Bank/lnbryant
Po Box 182789
Columbus, OH 43218-2789


Comenity Bank/pier 1
4590 E Broad St
Columbus, OH 43213-1301

Credit One Bank Na
Po Box 98875
Las Vegas, NV 89193-8875

Dsnb Bloom
9111 Duke Blvd
Mason, OH 45040-8999


Dsnb Macys
9111 Duke Blvd
Mason, OH 45040-8999

KINGSLAND COUNTRY PROPERTY OWN
C/O DEAN, JONATHAN S
230 NE 25th Ave Ste 100
Ocala, FL 34470-9009

MULTIBANK 2009-1 RES-ADC VENTURE, LLC
C/O Wasserstein, P.A.
301 Yamato Rd Ste. 2199
Boca Raton, FL 33431-4901


Navient
Po Box 9655
Wilkes Barre, PA 18773-9655

New York Community Ban
1801 E 9th St
Cleveland, OH 44114-3103

Nissan Motor Acceptanc
Po Box 660360
Dallas, TX 75266-0360


Ocala National Bank
3001 Se Maricamp Rd
Ocala, FL 34471-6249

Syncb/lennox-service E
C/o Po Box 965036
Orlando, FL 32896-0001


Syncb/qvc
Po Box 965005
Orlando, FL 32896-5005

Syncb/sams Club
Po Box 965005
Orlando, FL 32896-5005

Target Nb
Po Box 673
Minneapolis, MN 55440-0673


Td Auto Finance
Po Box 9223
Farmington Hills, MI 48333-9223

Thd/cbna
Po Box 6497
Sioux Falls, SD 57117-6497

Unvl/citi
701 E 60th St N
Sioux Falls, SD 57104-0432

Wells Fargo Hm Mortgag
Po Box 10335
Des Moines, IA 50306-0335



Martin Claire
8339 NW 74 St
Miami, FL 33166-2323

Raydene Y Christian
8665 NW 2nd Ter
Miami, FL 33126-8311









UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                                            CASE NO.: 16-21260-LMI

RAYDENE Y. CHRISTIAN,                                  CHAPTER 7

Debtor.
_____/

## STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON EXEMPT ASSETS

This Stipulation is entered into between Robert A. Angueira (the "*Trustee*"), and Raydene Y Christian (the "*Debtor*"), on this 29th day of December, 2016.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 16, 2016 (the "*Petition Date*");

WHEREAS, Robert A. Angueira is the duly appointed Chapter 7 Trustee;

WHEREAS, at the 341 Meeting of Creditors, the Trustee discovered that as of Petition Date the Debtor owned a fifty percent (50%) interest in certain real estate property located at 2471 Briarwood Ct., Villa Rica, Georgia (the "*Real Property*");

WHEREAS, at the 341 Meeting of Creditors, the Trustee discovered that the Debtor paid off a loan to cousin in the amount of $3,600.00 within a year prior to Petition Date, and the Trustee asserted the Estate's interest in these transferred funds (the "*Transferred Funds*");

WHEREAS, on Schedule A/B, Item #6, the Debtor listed Household Goods and Furnishings with an aggregate value of approximately $2,500.00 (the "*Household Goods*"), and the Trustee believes these assets are under-valued by approximately $6,000.00;

WHEREAS, the Debtor may receive a Federal Income Tax Refund for tax year 2011 of approximately $5,936.00 which includes the period through the Petition Date (the "*Refund*");



WHEREAS, the Real Property, the Transferred Funds, the Household Goods and the Refund shall be collectively referred to as the "*Property*;"

WHEREAS, on December 20, 2016, the Trustee through counsel, filed an Adversary Complaint to Sell Real Property Pursuant to 11 U.S.C. §363(h) [Adv. Case No. 16-1676-LMI D.E. 1] (the "*Complaint*"), which Complaint remains pending before the Court;

WHEREAS, the Debtor has claimed a portion of the Property as exempt;

WHEREAS, based on the testimony during the §341 Meeting of Creditors, based on the Testimony during the Debtor's Rule 2004 Examination, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions;

WHEREAS, the Debtor denies and/or disputes some of the allegations noted above;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1. The Debtor will pay the Trustee a total sum of $20,000.00 on or before January 17, 2017.

2. The payment will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155. Each cashier's check or money order should clearly state the name of the

Case No.: 16-21260-LMI

Debtor and the case number.

3. As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadline expires.

4. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

5. If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

6. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

7. If the Debtor complies with all of the terms of this Stipulation, as part of this settlement, the Trustee will upload and Agreed Order Denying as Moot the Trustee's Motion for Turnover of Property (2013 Chevrolet Equinox and 2009 Nissan Versa) [D.E. 59].

8. If the Debtor complies with all of the terms of this Stipulation, as part of this settlement, the Trustee will prepare and submit a *Notice of Stipulated Dismissal with Prejudice* as to the pending Adversary Complaint (Angueira v. Christian, Adv. Case #16-1676-LMI). This

3

dismissal is however without prejudice, in the event of the Debtor's default under the payment terms of this settlement, to the Trustee's rights to proceed as provided under the default provision of the agreement.

9. On or about December 19, 2016, the Trustee sent the Internal Revenue Service an Application for Turnover of the Debtor's 2016 Income Tax Refund. If the Debtor complies with all the terms of this Stipulation, the Trustee will return to the Debtor the 2016 Income Tax Refund once is received by the Trustee.

10. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

11. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

12. If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

13. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

14. If the Debtor fails to timely make the payment described in paragraph 1, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

15. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the

4

Case No.: 16-21260-LMI

Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

16. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

17. The Trustee has accepted this settlement subject to this Court's approval.

18. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

19. Time is of the essence as to all deadlines within this stipulation.

20. This agreement represents the full and complete understanding of the parties.

21. The Trustee believes that this agreement is in the best interest of the estate.

22. This agreement may be signed in counterparts.

[*Remainder of Page Intentionally Left Blank*]

5

23. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

_____  01-04-2017
RAYDENE Y. CHRISTIAN         DATE
DEBTOR

_____  1/4/17
ROBERT A. ANGUEIRA           DATE
TRUSTEE

_____
DIEGO MENDEZ                 DATE
DEBTOR'S ATTORNEY

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                              :          CASE NO.: 16-21260-LMI
                                                    :
RAYDENE Y. CHRISTIAN,                               :          CHAPTER 7
                                                    :
Debtor.                                             :
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy [D.E. #___] (the "*Motion*"). The Motion has been served on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice). By submitting this form of order, and the Trustee having represented that the motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, and the Court, having reviewed the file, the Motion and record herein, good



cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED** and the settlement is **APPROVED**.

2. The Debtor will pay the Trustee a total sum of $20,000.00 on or before January 17, 2017.

3. The payment will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

4. As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadline expires.

5. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

6. If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

7. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

8. If the Debtor complies with all of the terms of this Stipulation, as part of this settlement, the Trustee will upload and Agreed Order Denying as Moot the Trustee's Motion for Turnover of Property (2013 Chevrolet Equinox and 2009 Nissan Versa) [D.E. 59].

9. If the Debtor complies with all of the terms of this Stipulation, as part of this settlement, the Trustee will prepare and submit a *Notice of Stipulated Dismissal with Prejudice* as to the pending Adversary Complaint (Angueira v. Christian, Adv. Case #16-1676-LMI). This dismissal is however without prejudice, in the event of the Debtor's default under the payment terms of this settlement, to the Trustee's rights to proceed as provided under the default provision of the agreement.

10. On or about December 19, 2016, the Trustee sent the Internal Revenue Service an Application for Turnover of the Debtor's 2016 Income Tax Refund. If the Debtor complies with all the terms of this Stipulation, the Trustee will return to the Debtor the 2016 Income Tax Refund once is received by the Trustee.

11. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

12. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

13. If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

14. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged

3

preferential or fraudulent transfers and is a global settlement of all matters between the parties.

15. If the Debtor fails to timely make the payment described in paragraph 2, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

16. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

17. The settlement proceeds of $20,000.00 are allocated as follows:

- $10,000.00   (attributable to the real property with address 2471 Briarwood Ct., Villa Rica, Georgia);

- $3,000.00    (attributable to the transferred funds);

- $3,500.00    (attributable to Household Goods; and

- $3,500.00    (attributable to 2016 Income Tax Refund).

18. The Court retains jurisdiction to enforce the terms of this settlement.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, FL 33155
Tel. 305-263-3328
Fax 305-263-6335
e-mail: yanay@rabankruptcy.com

Copies furnished to:
Yanay Galban, Esq.

*(Attorney Yanay Galban is directed to serve copies of this Order upon the Debtor, the Trustee, the Attorney for the Debtor, the U.S. Trustee, and all parties who have entered an appearance in this case, upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*

5